WATKINS, Judge.
Defendant, Ray A. Stewart, was charged by bill of information with the possession of phenmetrazine in violation of LSA-R.S. 40:967. Defendant entered a plea of not guilty and filed a motion to suppress which, after a hearing, was denied. Defendant subsequently entered a plea of guilty, reserving his right to appeal the ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). The trial court imposed a suspended sentence of two years at hard labor, and placed defendant on supervised probation, with special conditions, for two years. The only issue on appeal is the denial of the motion to suppress.
FACTS
On April 12, 1980, at approximately two o’clock in the morning, Officer Erika D’Am-ico and Detective Michael Dickinson were on a routine patrol on Iberville Street in Baton Rouge, Louisiana and observed four males walking across a narrow vacant lot coming from between two residential buildings. The officers were wearing civilian clothes and driving an unmarked police unit. As the four men came to the sidewalk, the officers identified themselves. Three of the men stopped to talk to the policemen; the fourth walked approximately 15-20 feet beyond the others and was observed to drop a shiny object before he walked back to the group. Officer Dickinson, who had observed him, retrieved the object. After ascertaining that the object was a foil package containing three BI-62 pink tablets of phenmetrazine (preludin) *585 this individual, defendant herein, was arrested for the possession of a controlled dangerous substance. None of his companions were searched or arrested.
ASSIGNMENT OF ERROR
To make an investigatory stop other than in a place under the control of the person being stopped, the detaining officer must meet the test set out in State v. Edsall, 385 So.2d 207 at 209 (La.1980):
“Reasonable cause for an investigatory stop or detention is something less than probable cause. Nevertheless, it requires the detaining officer to have articulable knowledge of particular facts sufficient reasonably to suspect the detained person of criminal activity.”
This test is merely a restatement of the rules for detention (“seizure”) set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), (Harlan, J. concurring) which elaborates upon the constitutional protection against illegal search and seizure found in the Fourth Amendment to the United States Constitution. Briefly, there must be objective facts sufficient to give the arresting officer reasonable belief that the detained person is guilty of criminal activity. As is demonstrated by the Louisiana jurisprudence, that is the test applied by the courts of this state, which have decided each case upon its particular facts. See, e.g., State v. Saia, 302 So.2d 869 (La.1974); U.S. cert. denied 420 U.S. 1008, 95 S.Ct. 1454, 43 L.Ed.2d 767 (1975); State v. Williams, 421 So.2d 874 (La.1982); State v. Sims, 426 So.2d 148 (La.1983).
Applying the reasonableness of belief that there is criminal activity test to the facts of the present case, we see that four males were walking between two residential buildings in Baton Rouge at approximately 2:00 a.m. The sight of four men coming from between two residential buildings late at night is highly suggestive of the possibility of burglary, especially if the men are observed in a high crime area in a large metropolitan community. To hold that the police were guilty of an impropriety in briefly questioning men observed under such highly suspicious circumstances would be greatly to curtail the power of the police, at the expense of the public at large. The police who briefly detained Stewart were clearly acting within the scope of their authority, and the evidence inadvertently obtained (by Stewart’s dropping the foil package) is not tainted as having been obtained under an illegal seizure. The motion to suppress the evidence was properly denied.
The conviction and sentence are affirmed.
AFFIRMED.